1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   OLIVER GRAY,                              No.  2:16-cv-1577 JAM KJN P

12                  Petitioner,

13         v.                                  ORDER

14   W.L. MUNIZ,

15                  Respondent.

16

17         Petitioner is a state prisoner, proceeding through counsel.  Respondent's motion to dismiss

18   this action as barred by the statute of limitations is set for hearing before the undersigned on July

19   13, 2017.  Respondent has accurately identified the core issue in the reply:  "The battleground is

20   the . . . interval between the denial of petitioner's third petition in the state trial court and the

21   filing of his fourth petition in the state court of appeal."  (ECF No. 31 at 1.)  As explained below,

22   the hearing is vacated inasmuch as further briefing on such issue is required.

23         In opposition to the motion to dismiss, petitioner submitted evidence that he was deprived

24   of all his personal property, including legal materials, from October 22, 2015, until January 15,

25   2016.[1]  Moreover, in reply, respondent provided petitioner's bed assignment log.[2]  However, in

---

[1] During this period, the Sacramento County Superior Court denied petitioner's habeas petition
on November 6, 2015.

[2] In fact, the bed assignment log shows petitioner was transferred to ten different prisons between

1

the reply, respondent also argues, for the first time, that this court is constrained to consider only the facts and evidence petitioner submitted to the California Court of Appeal in petitioner's fourth petition. (ECF No. 31 at 3-5.) Respondent points out that in the fourth state court petition, in response to the form petition question 15: "Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition," petitioner stated: "Petitioner does not believe that the instant petition constitutes a delay. It has been brought as soon as possible after denial." (ECF No. 31 at 5, citing Respondent's Lodged Document 11 at form p. 6 of 6.) Respondent contends that petitioner may not now rely on new reasons or evidence not submitted to the state court with his fourth petition. Because this argument was made in the reply, petitioner was deprived of an opportunity to address the argument.

Once a respondent places a petitioner on notice that a federal petition is subject to dismissal as untimely, petitioner has the burden of demonstrating that he is entitled to tolling. Smith v. Duncan, 297 F.3d 809, 814-15 (9th Cir. 2002). California law places on a petitioner the burden of initially demonstrating that a petition is filed within a reasonable time. In re Clark, 21 Cal. Rptr. 2d 509, 518 (Cal. 1993).

Here, the California Court of Appeal denied the fourth petition without comment or citation. (Respondent's Lodged Document 12.)

The Supreme Court requires that lower federal courts determine reasonableness as would California's courts. Evans v. Chavis, 546 U.S. 189, 198 (2006). Under California law, a habeas petition is timely only if filed within a "reasonable time." See id., 546 U.S. at 192. Because "California courts had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its own conjecture . . . 'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days." Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015)[3] (quoting Chavis, 546 U.S. at 199). However, if a petitioner

October 22, 2015, and January 6, 2016.

---

[3] In Robinson, the Ninth Circuit describes the longstanding confusion caused by California's "reasonable time" standard and asks the California Supreme Court to answer the following question: "When a state habeas petitioner has no good cause for delay, at what point in time is that state prisoner's petition, filed in a California court of review to challenge a lower state court's

2

demonstrates good cause, California courts allow a longer delay.  <u>Robinson</u>, 795 F.3d at 929

(citing <u>In re Robbins</u>, 18 Cal.4th 770, 780 (Cal. 1998)).  A petition that has been substantially

delayed may nevertheless be considered on the merits if the petitioner can establish good cause

for the delay, such as investigation of a potentially meritorious claim, or to avoid piecemeal

presentation of claims.  <u>Robbins</u>, 18 Cal. 4th at 780.

  "A federal habeas court must determine timeliness when there is no clear indication by the

state court."  <u>Maxwell v. Roe</u>, 628 F.3d 486, 496 (9th Cir. 2010).  In doing so, the court looks at

(1) whether the state court considered the petition on the merits, and (2) whether petitioner

provided the state court with an explanation for the delay.  <u>Id.</u>  California requires habeas

petitioners to "'file a petition without substantial delay, or if delayed, adequately explain the

delay.'"  <u>Chaffer v. Prosper</u>, 542 F.3d 662, 666 (9th Cir. 2008) (quoting <u>In re Crockett</u>, 159 Cal.

App. 4th 751, 757, 71 Cal. Rptr. 3d 632 (2008)).  According to the California Supreme Court,

> *Petitioner* has the burden of establishing the absence of "substantial delay."  Substantial delay is measured from the time the petitioner or counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim. If a petitioner fails to allege particulars from which we may determine when the petitioner or counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim, he or she has failed to carry the petitioner's burden of establishing that the claim was filed without substantial delay.
>
> A petitioner does not meet his or her burden simply by alleging in general terms that the claim or subclaim recently was discovered, or by producing a declaration from present or former counsel to that general effect.  He or she must allege, *with specificity*, facts showing when information offered in support of the claim was obtained, and that the information neither was known, nor reasonably should have been known, at any earlier time-and he or she bears the burden of establishing, through those specific allegations . . . absence of substantial delay.

<u>In re Robbins</u>, 18 Cal. 4th 770, 787, 77 Cal. Rptr. 2d 153, 959 P.2d 311 (1998).

---

disposition of the prisoner's claims, untimely under California law; specifically, is a habeas petition untimely filed after an unexplained 66-day delay between the time a California trial court denies the petition and the time the petition is filed in the California Court of Appeal?"  <u>Id.</u>at 928. The California Supreme Court accepted the question on December 16, 2015, and was fully briefed on October 4, 2016.  <u>Robinson v. Lewis</u>, Case No. S228137 (Cal. S. Ct.).  As of July 10, 2017, the question remains submitted for decision.

Because petitioner was not provided an opportunity to address petitioner's argument, the July 13, 2017 hearing is vacated. Petitioner is granted thirty days in which to file a sur-reply to respondent's reply (ECF No. 31 at 3-5). Respondent may file a response within fourteen days thereafter. At that time, the motion will stand submitted.

Accordingly, IT IS HEREBY ORDERED that:

1. The July 13, 2017 hearing is vacated; and

2. Within thirty days from the date of this order, petitioner shall file a sur-reply addressing respondent's argument. Respondent may file a response fourteen days thereafter.

Dated: July 11, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gray1577.fb

4