UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER GRAY, | No. 2:16-cv-1577 JAM KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| W.L. MUNIZ, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding through counsel. Respondent moves to dismiss this action as barred by the statute of limitations. Upon review of the motion and the documents in support and opposition, as well as counsels' further briefing, and good cause appearing therefor, the undersigned recommends that the motion to dismiss be denied.

II. Legal Standards

A. Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420

1

(1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Statute of Limitations

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered. Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012). However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing." Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)). Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999),

overruled on other grounds by Carey, 536 U.S. at 214. In Carey, the United States Supreme Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review. Id., 536 U.S. at 220, 222-23. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On February 27, 2013, a jury convicted petitioner of five counts of second degree burglary, and found that petitioner used a firearm in committing the crimes. (Respondent's Lodged Document ("LD") 1.) Petitioner pled no contest to being a felon in possession of a firearm. After finding petitioner had sustained a prior conviction that qualified as a strike, the trial court sentenced petitioner on June 3, 2013, to a determinate state prison term of 30 years and four months. (LD 1-2.)

2. Petitioner filed an appeal. On November 4, 2014, the California Court of Appeal for the Third Appellate District affirmed the conviction. (LD 2.)

3. On December 12, 2014, a petition for review was filed in the California Supreme Court. (LD 3.) The California Supreme Court denied the petition on January 21, 2015. (LD 4.)

4. On March 26, 2013,[1] the first petition for writ of habeas corpus was filed in the Sacramento County Superior Court. (LD 5.) On April 12, 2013, the petition was denied. (LD 6.)

5. On May 22, 2013, a petition for writ of error coram nobis was filed in the Sacramento County Superior Court. (LD 7.) On July 11, 2013, the superior court denied the petition. (LD 8.)

---

[1] Unless otherwise noted, all of petitioner's state court filings were given benefit of the mailbox rule. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

3

1       6. On September 8, 2015,[2] petitioner filed a third[3] petition for writ of habeas corpus in the Sacramento County Superior Court. (LD 5.) The petition was denied on November 6, 2015.[4] (LD 10.)

      7. On February 15, 2016, petitioner filed a fourth petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. (LD 11.) On February 25, 2016, the appellate court denied the petition without comment. (LD 12.)

      8. On April 7, 2016, petitioner filed a fifth petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. (LD 13.) On April 14, 2016, the appellate court denied the petition without comment. (LD 14.)

      9. On May 11, 2016, petitioner filed a sixth petition for writ of habeas corpus in the California Supreme Court. (LD 15.) On June 29, 2016, the California Supreme Court denied the petition without comment. (LD 16.)

      10. On July 4, 2016, petitioner constructively filed the instant federal petition. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

## IV. Calculation of Limitations Period

Under 28 § 2244(d)(1)(A), the limitations period begins running on the date that petitioner's direct review became final or the date of the expiration of the time for seeking such review. Id.

On January 21, 2015, the California Supreme Court summarily denied the petition for review on direct appeal. (LD 4.) Petitioner then had ninety days, or until April 21, 2015, to file a

---

[2] The petition filed on September 8, 2015, does not include petitioner's signature date or proof of service. (LD 9.) Thus, the court is unable to apply the mailbox rule.

[3] Although petitioner's second petition was a petition for writ of error, the undersigned sequentially numbers petitioner's state court collateral challenges for ease of reference.

[4] Although the superior court's decision bears the date October 20, 2015, on the top of page one as well as the bottom of every page (LD 10, Order at 1-7), the superior court judge signed the decision on November 6, 2015 (id. at 6), and the certificate of service by mail states the decision was mailed on November 6, 2015 (id. at 7). In addition, petitioner was housed at SVSP when the superior court denied the petition on November 6, 2015, but the superior court mailed the decision to petitioner at California State Prison, Sacramento, in Represa. (LD 10, Ord. at 7.)

petition for writ of certiorari with the U.S. Supreme Court. See Sup. Ct. R. 13. Because petitioner did not file a petition for writ of certiorari, AEDPA's one-year statute of limitations began to run on April 22, 2015, and, absent tolling, expired on April 22, 2016. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that AEDPA's one-year limitations period begins to run on the date "when the period within which the prisoner can petition for a writ of certiorari from the United States Supreme Court expires[.]").

IV. Statutory Tolling

Section 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." Biggs v. Terhune, 339 F.3d 1045, 1046 (9th Cir. 2003); see also Carey, 536 U.S. at 219-25 (in California cases, a post-conviction matter is "pending" between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a higher court"). Continuous tolling under Section 2244(d)(2) -- commonly referred to as interval or gap tolling -- is available only if a prisoner acted promptly in seeking relief at the next state court level. See Evans v. Chavis, 546 U.S. 189, 191-92 (2006); Pace v. DiGuglielmo, 544 U.S. 408, 413-14 ) (2005).

V. Discussion

A. First State Court Petitions

Petitioner is not entitled to statutory tolling for the pendency of his first habeas petition and the petition for writ of error coram nobis because these petitions were denied in 2013, before the effective date of the statute of limitations. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (state petition denied before statute of limitations started to run "had no effect on the timeliness of the ultimate federal filing").

B. No Pending Petition

Petitioner is not entitled to tolling for the time between when his conviction became final and when he filed his third petition in superior court on September 8, 2015, as no state petition

was pending during such period. Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007). Therefore, from April 22, 2015, until September 8, 2015, 139 days of the one year limitations period expired, leaving petitioner 226 days to file his federal petition.

### C. Third State Court Petition

On September 8, 2015, petitioner filed his third state court petition, which was his first state court petition filed after the effective date of the beginning of the statute of limitations. Thus, the limitations period was tolled during the pendency of the third petition until November 6, 2015, when the petition was denied. Because petitioner is entitled to tolling for the pendency of his third state court petition, 226 days remained in the one year limitations period.

### D. Fourth State Court Petition

Petitioner did not file his fourth state court petition until February 15, 2016, or 101 days later. Respondent contends such delay is unreasonable and petitioner is therefore not entitled to interval tolling or tolling for the pendency of the fourth state court petition. Petitioner counters that he demonstrates good cause for the delay, and is entitled to gap tolling, based on his complete lack of all property, including legal materials, from October 22, 2015, to at least January 15, 2016.[5] Respondent provided petitioner's movement log showing petitioner was transferred to ten

---

[5] In his sur-reply, petitioner includes arguments pertinent to issues not raised in the further briefing order. (ECF No. 34.) Also, petitioner raises, for the first time, an argument that petitioner was diligent given his mental disabilities. (ECF No. 34 at 13.) "A Traverse [or a sur-reply] is not the proper pleading to raise additional grounds for relief." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994); Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994) ("we review only issues which are argued specifically and distinctly in a party's opening brief"). Here, petitioner did not raise the issue of mental disabilities in his opposition, and does not cite to any such argument in the opposition or in his petition. Rather, petitioner cites to a motion for appointment of counsel earlier-filed in this action (ECF No. 8 at 22-24, 29), and to an exhibit appended to plaintiff's declaration in support of his opposition (ECF No. 28-1 at 3). The exhibit is a June 14, 2015 letter from petitioner, apparently directed to the Court of Appeals for the Ninth Circuit, in which he sought advice as to filing his federal petition within the limitations period. (Id.) The sole reference to petitioner's mental health was his statement that he was found competent to stand trial, but incompetent to represent himself at trial. (Id.) To the extent petitioner is attempting to belatedly raise new claims in the sur-reply, the court declines to address them. See United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000) (district court "has discretion, but is not required" to consider evidence and claims raised for the first time in the objection to a magistrate judge's report, but must "actually exercise its discretion."); see also Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002).

6

different prisons between October 22, 2015, and January 6, 2016. (ECF No. 31-1.) But because petitioner's delay was unexplained in the state courts, respondent contends that petitioner may not now present new reasons for the delay.

i. Legal Standards

Under California law, a habeas petition is timely only if filed within a "reasonable time." See Chavis, 546 U.S. at 192. Because "California courts had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its own conjecture . . . 'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days." Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Chavis, 546 U.S. at 199). However, if a petitioner demonstrates good cause, California courts allow a longer delay. Robinson, 795 F.3d at 929 (citing In re Robbins, 18 Cal. 4th 770, 780 (Cal. 1998)). A petition that has been substantially delayed may nevertheless be considered on the merits if the petitioner can establish good cause for the delay, such as investigation of a potentially meritorious claim, or to avoid piecemeal presentation of claims. Robbins, 18 Cal. 4th at 780.

When the timeliness of a federal habeas petition is at issue, and there is not clear indication by the state court whether or not the underlying claim was timely, "the federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'" Stewart v. Cate, 757 F.3d 929, 935 (9th Cir. 2014) (quoting Chavis).[6] In other words, even if the California court did not expressly address the timeliness issue, a federal habeas court must do so when faced with an interval tolling question.

Here, the California Court of Appeal denied petitioner's habeas petition without comment or citation. However, because this petition was filed 101 days after the third petition was denied, beyond the 30 to 60 day time period found reasonable by the Supreme Court in Chavis, the petition is presumptively untimely unless petitioner can demonstrate good cause for the delay.

////

---

[6] The Ninth Circuit certified to the California Supreme Court the question of "is a habeas petition untimely filed after an unexplained 66 day delay between the time a California trial court denies the petition and the time the petition is filed in the California Court of Appeal?" Robinson, 795 F.3d at 930-31. However, to date, no response has issued from the California Supreme Court.

7

##### ii. State Court Filings

In his fourth petition, in response to the question "[e]xplain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition," petitioner responded that he "does not believe that the instant petition constitutes a delay. It has been brought as soon as possible after denial," without further explanation or evidentiary support. (LD 11, form petition at 6.) The California Court of Appeal denied the fourth petition without comment or citation.

##### iii. Discussion

The court is persuaded that its review of the substantial delay is limited to the facts set forth in petitioner's fourth state court petition and its attachments. In Chavis, the Supreme Court instructs that a federal court "must itself examine the delay in each case" to determine whether the filing "was made within what California could consider a 'reasonable time.'" Id., 546 U.S. at 852. As argued by respondent, the petitioner in Chavis was not relying on new reasons provided in the first instance in federal court, but was relying on reasons and evidentiary support he had presented in state court. Chavis, 2005 WL 2312118, at *12 (U.S. 2005) (Chavis' merits brief) (Mr. Chavis attached several pages of evidentiary support as an exhibit to his November 10, 1997 habeas filing). Later, the Ninth Circuit found that unexplained delays in state court would not support statutory tolling. Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010). "Chaffer's petitions offered no justification for the delays as required under California law." Id. at 1048. This court is bound by such precedents, which were not issued in capital cases.

Here, as in Chaffer, petitioner offered the state court no explanation or justification as to his delay in bringing the fourth petition; rather, he simply stated he brought the petition as soon as possible, and did not believe the petition "constitutes a delay." (LD 11, form petition at 6.) Because petitioner presented the state court none of the reasons for his delay, as required under California law, In re Swain, 34 Cal.2d 300 (1949), this court is unable to find the state court would have found the delay reasonable, and may not consider new reasons presented in the first instance in federal court. See Cullen v. Pinholster, 563 U.S. 170, 182-83 (2011) ("It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.") Because his delay was

unexplained in the state courts, petitioner is not entitled to interval or gap tolling from November 7, 2015, through February 15, 2016, the date the fourth petition was filed. Thus, the limitations period continued running on November 7, 2015, and by February 15, 2016, 100 days had passed, leaving 126 days in which to file his federal petition. (226 - 100 = 126.)

Respondent contends that petitioner is also not entitled to statutory tolling for the pendency of the fourth petition or any later-filed petitions, arguing that because the fourth petition was untimely filed, none of the subsequent petitions were "properly filed," and cannot support statutory tolling, relying on Pace, 544 U.S. at 414, 417; Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005); Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) ("A habeas petition that is untimely under state law is not 'properly filed.' [] Therefore, none of the time before or during the state's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period.") (citations omitted).

But in Pace, Bonner, and Curiel, the state courts clearly determined the state habeas petitions were untimely. Id. As the Ninth Circuit explained in Curiel, "in cases in which the California Supreme Court has explained its decision . . . the principles of comity and federalism underlying AEDPA's tolling rule compel us to fairly abide by the state court's timeliness determination." 830 F.3d at 871. An unexplained summary denial "without more" may not be interpreted as a clear ruling on the timeliness of the petition. Chavis, 546 U.S. at 200-01. In the instant action, there is no indication from the state courts whether the petitions filed in state court were viewed as timely or untimely.

"Neither the Ninth Circuit nor the United States Supreme Court has addressed whether a delay in filing may deprive a petitioner of statutory tolling for the pendency of an otherwise properly filed state petition when the state court does not expressly indicate that the petition was untimely. Presently, Evans only affects entitlement to interval tolling." Montue v. Stainer, 2014 WL 6901853 at *4 n.3 (E.D. Cal. 2014);[7] see also Robinson, 795 F.3d at 934 n.7 (Ninth Circuit

---

[7] "Undecided is whether a petitioner is entitled to tolling for the period that his petition was pending in a state appellate court where it can be shown that the petitioner unreasonably delayed in filing the petition under state law, but the state court did not expressly deny the petition on untimeliness grounds." "Untimely state petitions -- No express untimeliness ruling," Federal

declined to address this issue raised by state for the first time on appeal); Motley v. Unknown, 2017 WL 631811, at *6 (E.D. Cal. Feb. 15, 2017) (because the petition filed in the California Court of Appeal was filed within the limitations period, he was entitled to statutory tolling for the 8 days the petition was pending therein), report and recommendation adopted, 2017 WL 2379949 (E.D. Cal. June 1, 2017) (also quoting Montue at n.1).

Therefore, the undersigned finds petitioner is entitled to statutory tolling for the pendency of his fourth petition, which was otherwise properly filed in the state court of appeal within the AEDPA limitations period.

The limitations period began to run again on February 26, 2016, and petitioner had 126 days in which to file his federal petition. Absent further tolling, the petition was due no later than July 1, 2016.

### E. Sixth State Court Petition

On May 11, 2016, petitioner filed his sixth[8] petition in the California Supreme Court, and was denied on June 29, 2016. The petition was pending 49 days.

Even assuming, *arguendo*, that the sixth petition filed in the California Supreme Court was untimely, and petitioner was not entitled to any gap tolling between the February 25, 2016 denial of the fourth petition, and the filing of the sixth petition on May 11, 2016, petitioner is entitled to statutory tolling for the time the sixth petition was pending, so long as it was otherwise properly filed, and the AEDPA limitations period had not yet expired. Montue v. Stainer, 2014 WL 6901853 at *4 n.3.

Between February 26, 2016, and May 11, 2016, 75 days of the remaining limitations period had expired, leaving petitioner 51 days to file his federal petition. (126 - 75 = 51.) The

---

Habeas Manual § 9A:51.

[8] On April 7, 2016, petitioner filed his fifth petition for writ of habeas corpus in the same state appellate court as his fourth petition. The fourth and fifth petitions were nearly identical, raising the same claims, and petitioner failed to file his fifth petition in a higher court. Therefore, his fifth petition was improperly filed and successive. Because the undersigned finds the instant petition was timely filed without considering the tolling effect of the fifth petition, the court declines to address whether the fifth petition offered any statutory tolling.

10

sixth petition remained pending until June 29, 2016, at which time the limitations period began running again on June 30, 2016. Fifty-one days later, the limitations period ran on August 20, 2016. But petitioner filed the instant federal petition on July 4, 2016, before the limitations period expired. Because the sixth petition was filed in state court within the AEDPA statute of limitations, and was otherwise properly filed, petitioner was entitled to statutory tolling for the 49 days his sixth petition was pending in the California Supreme Court.

For all of the above reasons, petitioner filed his federal petition within the statute of limitations, therefore, his petition is timely filed, and respondent's motion should be denied.

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 24) be denied; and

2. Respondent be directed to file a responsive pleading within thirty days from the date of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 30, 2017

gray1577.mtd.hc.sol

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

11