UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER GRAY, | No. 2:16-cv-1577 JAM KJN P |
| Petitioner, | |
| v. | ORDER |
| W.L. MUNIZ, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding through counsel. Petitioner's motion for discovery came on for hearing October 11, 2018. Benjamin Ramos appeared on behalf of petitioner. Deputy Attorney General Justain Riley appeared for respondent. Upon review of the motion and the documents in support and opposition, and hearing the arguments of counsel, the undersigned finds the motion should be denied without prejudice.

Petitioner requests an order granting discovery regarding petitioner's Brady claim, and other pending habeas claims, regarding the prosecution's interview of witness Quang Hua the day before petitioner's trial, and the apparent disclosure of the witness' statement the day before trial in which he identified both perpetrators of the crime as black (petitioner is white). Petitioner argues this evidence was exculpatory and the late disclosure prejudiced petitioner. Thus, petitioner seeks to discover when the prosecution learned that Mr. Hua was a potential victim/witness and why the prosecution did not earlier interview Mr. Hua. In addition, petitioner

1

contends that trial counsel may need to be deposed to reveal why Hua was not called as a defense witness, and why a continuance was not sought for further investigation of Hua's statement that both perpetrators of the crime were black. Plaintiff notes that other related discovery issues may arise in connection with these questions.

Respondent counters that all new evidence is barred under 28 U.S.C. § 2254(d) as irrelevant. Respondent argues that on federal habeas review, review is limited to the record before the state court. Runningeagle v. Ryan, 686 F.3d 758, 773-74 (9th Cir. 2012) (requests for discovery denied by district court because Runningeagle failed to exercise due diligence in developing the facts before the state court); Wood v. Ryan, 693 F.3d 1104, 1122 (9th Cir. 2012) (Wood not entitled to an evidentiary hearing or additional discovery in federal court because the IAC claim is governed by 28 U.S.C. § 2254(d)(1), because it was adjudicated on the merits in the PCR proceedings.) "Review of such claims is "limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170 (2011). In addition, respondent argues such new evidence is barred under 28 U.S.C. § 2254(e) because petitioner is at fault for failing to develop the new evidence in state court. Despite multiple petitions filed in state court (Lodged Documents ("LD") 5, 7, 9, 11, 13, 15), petitioner did not even suggest in those petitions that there was more evidence to be gathered on the Brady claims. Petitioner fails to show he attempted his factual development in state court, and that such attempt was in compliance with state procedure. 28 U.S.C. § 2254(e)(2); Holland v. Jackson, 542 U.S. 649, 652-53 (2004); Williams v. Taylor, 529 U.S. 420 (2000).

Legal Standards

Parties in a habeas proceeding are not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997); Bittaker v. Woodford, 331 F.3d 715, 728 (9th Cir. 2003). Rather, discovery is available only in the discretion of the court and for good cause shown. Rule 6(a), Rules Governing § 2254 Cases. Under Bracy, application of Rule 6(a) is relatively straightforward: whether a petitioner has established "good cause" for discovery requires a habeas court to determine the essential elements of the petitioner's substantive claim and evaluate whether "specific allegations before the court show reason to believe that the petitioner may, if

2

the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Id. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

Discussion

At the hearing, petitioner's counsel informed the court that counsel recently learned that petitioner's trial counsel had died. In light of this change in circumstances, as well as the high bar that petitioner must meet in order to demonstrate he is entitled to pursue discovery, petitioner's motion for discovery is denied without prejudice.

Conclusion

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for discovery (ECF No. 49) is denied without prejudice.

Dated: October 16, 2018

/gray1577.dsc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3